UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD ZAWATSKY and CATHERINE ZAWATSKY, Individually and on Behalf of all Others Similarly Situated, <br><br> Plaintiffs, <br><br> - against - <br><br> VROOM, INC., PAUL J. HENNESSY, and DAVID K. JONES, <br><br> Defendants. | **ORDER** <br><br> 21 Civ. 2477 (PGG) |
| CHARLES D. HOLBROOK, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> - against – <br><br> VROOM, INC., PAUL J. HENNESSY, and DAVID K. JONES, <br><br> Defendants. | 21 Civ. 2551 (PGG) |
| ARIFF HUDDA, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> - against - <br><br> VROOM, INC., PAUL J. HENNESSY, and DAVID K. JONES, <br><br> Defendants. | 21 Civ. 3296 (PGG) |

1

PAUL G. GARDEPHE, U.S.D.J.:

Pending before the Court is movant Rhondda Cynon Taf Pension Fund's unopposed motion for appointment as lead plaintiff, for approval of its selection of counsel, and for consolidation of three putative class actions brought under the federal securities laws by shareholders of Defendant Vroom, Inc. ("Vroom").  See Zawatsky et al. v. Vroom, Inc. et al., No. 21 Civ. 2477 (PGG); Holbrook v. Vroom, Inc. et al., No. 21 Civ. 2551 (PGG); Hudda v. Vroom, Inc. et al., No. 21 Civ. 3296 (PGG).[1]  For the reasons stated below, these actions will be consolidated and the motion of Rhondda Cynon Taf Pension Fund ("Rhondda") will be granted.

## BACKGROUND

Vroom is an "end-to-end ecommerce platform" founded in 2013 that buys and sells "fully reconditioned" used vehicles.  (Zawatsky Cmplt. (Case No. 21 Civ. 2477, Dkt. No. 1) ¶¶ 2, 16; Holbrook Cmplt. (Case No. 21 Civ. 2551, Dkt. No. 1) ¶ 15)  In addition to buying and selling vehicles, Vroom offers "transparent pricing, real-time financing, and nationwide contact-free delivery" for vehicles purchased through its online platform.  (Zawatsky Cmplt. (21 Civ. 2477, Dkt. No. 1) ¶ 16)  At all relevant times, Defendant Paul Hennessy served as Vroom's Chief Executive Officer ("CEO") and on its Board of Directors (the "Board"), and Defendant David Jones served as Vroom's Chief Financial Officer ("CFO").  (Holbrook Cmplt. (Case No. 21 Civ. 2551, Dkt. No. 1) ¶¶ 8-9)

On June 9, 2020, Vroom completed its initial public offering ("IPO"), in which it sold 24,437,500 shares of common stock for $22.00 per share.  (Zawatsky Cmplt. (21 Civ. 2477, Dkt. No. 1) ¶ 18; Holbrook Cmplt. (Case No. 21 Civ. 2551, Dkt. No. 1) ¶ 17)  Vroom's IPO

---

[1] Unless otherwise indicated, all docket references in this order refer to the docket in Zawatsky v. Vroom, Inc. et al., No. 21 Civ. 2477 (PGG).

Registration Statement states that Vroom has a "robust growth trajectory," an "enormous [vehicle] inventory selection" which Vroom "ha[s] been 'strategically' building," and that Vroom is well-equipped through a "sophisticated, data-rich inventory management system" to meet fluctuations in customer demand and pricing. (Holbrook Cmplt. (Case No. 21 Civ. 2551, Dkt. No. 1) ¶¶ 18-19, 20-21)

Plaintiffs contend that, in reality, Vroom was "poised to suffer accelerating losses and increased negative cash flows" due to undisclosed shortcomings in Vroom's operations and business prospects.[2] (Id. ¶ 27) Plaintiffs further allege that, in subsequent financial disclosures, Defendants continued to misrepresent and withhold materially adverse facts about Vroom's business. (Id. ¶¶ 27, 42, 53) As a result, despite troubling financial results for the second and third quarters of 2020, Vroom's stock remained artificially inflated. (Id. ¶¶ 29-30, 44-45)

Vroom announced fourth quarter and full year financial results on March 3, 2021, which "revealed operational issues and financial results far worse than previously disclosed to investors."[3] (Id. ¶ 55) The next day, on March 4, 2021, Vroom's stock price fell 28%. (Id. ¶ 58) Overall, the price of Vroom's stock dropped "nearly 60% from its Class Period high." (Id. ¶ 59) Plaintiffs allege that Defendants intentionally misrepresented "Vroom's business, risks and

---

[2] According to Plaintiffs, Vroom's "lack of inventory had materially constrained Vroom's ability to increase revenues in the second quarter of 2020 and meet a surge in customer demand for online used vehicles"; Vroom had reduced its vehicle selling prices "by over 15% in response to a sustained and fundamental market shift to lower-priced vehicles"; and it lacked sufficient sales and support staff to meet customer demand, which "resulted in degraded customer experiences and lost sales opportunities[.]" (Id. ¶¶ 27(a)-(c))

[3] Plaintiffs allege that "[d]uring the earnings call to discuss the results held that same day, defendant Hennessy revealed that Vroom was suffering from severe sales backlogs due to inadequate sales and support staff, which had materially impaired the Company's ability to sell existing inventory[,] . . . led to substantially lower gross profits[,] . . . [and] forced the Company to liquidate aging inventory at fire sale prices for a significantly reduced profit or even at a loss, despite a historically favorable online used car market." (Id. ¶ 56)

future financial prospects" so that Vroom stock would "trade at artificially inflated levels." When it became clear that the price of Vroom stock had been artificially inflated, members of the class sustained losses. (Id. ¶¶ 73-74)

The Zawatsky action was filed on March 22, 2021; the Holbrook action was filed on March 24, 2021; and the Hudda action was filed on April 15, 2021. (Zawatsky Cmplt. (Case No. 21 Civ. 2477, Dkt. No. 1); Holbrook Cmplt. (Case No. 21 Civ. 2551, Dkt. No. 1); Hudda Cmplt. (Case No. 21 Civ. 3296, Dkt. No. 1)) The Class Period is defined in the Zawatsky complaint as November 11, 2020 through March 3, 2021 (Zawatsky Cmplt. (Case No. 21 Civ. 2477, Dkt. No. 1) ¶ 1), and as June 9, 2020 through March 3, 2021 in the Holbrook and Hudda complaints. (Holbrook Cmplt. (Case No. 21 Civ. 2551, Dkt. No. 1) ¶ 1; Hudda Cmplt. (Case No. 21 Civ. 3296, Dkt. No. 1) ¶ 1).

## I.     CONSOLIDATION

Fed. R. Civ. P. 42(a) provides that a district court may consolidate "actions before the court involv[ing] a common question of law or fact." Fed. R. Civ. P. 42(a)(2). "'A determination on the issue of consolidation is left to the sound discretion of the Court,'" In re UBS Auction Rate Sec. Litig., No. 08 Civ. 2967 (LMM), 2008 WL 2796592, at *1 (S.D.N.Y. July 16, 2008) (quoting Albert Fadem Tr. v. Citigroup Inc., 239 F. Supp. 2d 344, 347 (S.D.N.Y. 2002)), and involves weighing considerations of convenience, judicial economy, and cost reduction while ensuring that the "paramount concern for a fair and impartial trial" is honored. Johnson v. Celotex Corp., 899 F.2d 1281, 1284-85 (2d Cir. 1990) (citing Flintkote Co. v. Allis–Chalmers Corp., 73 F.R.D. 463 (S.D.N.Y. 1977)).

Movant Rhondda seeks consolidation, and no party has objected to consolidation.[4] (See Rhondda Br. (Dkt. No. 27) at 10-11)  Where "all the movants support consolidation and . . . no party objects," such circumstances "weigh[] heavily against the potential for prejudice." Kaplan v. Gelfond, 240 F.R.D. 88, 91 (S.D.N.Y 2007) (citing Olsen v. N.Y. Cmty. Bancorp, Inc., 233 F.R.D. 101, 104-05 (E.D.N.Y. 2005)).

All Plaintiffs agree that the last day of the class period is March 3, 2021. (Holbrook Cmplt. (21 Civ. 2551, Dkt. No. 1) ¶ 1; Hudda Cmplt. (21 Civ. 3296, Dkt. No. 1) ¶ 1; Zawatsky Cmplt. (Dkt. No. 1) ¶ 1)  The class period in Holbrook and Hudda begins on June 9, 2020, however, while the class period in Zawatsky begins on November 11, 2020. (Zawatsky Cmplt. (Dkt. No. 1) ¶¶ 20-24; Hudda Cmplt. (21 Civ. 3296 Dkt. No. 1) ¶¶ 30-36; Holbrook Cmplt. (21 Civ. 2551, Dkt. No. 1) ¶¶ 18-28)

"Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation." Kaplan, 240 F.R.D. at 91 (citing Pinkowitz v. Elan Corp., Nos. 02 Civ. 862(WK) et al., 2002 WL 1822118, at *3–4 (S.D.N.Y. July 29, 2002)).  In Kaplan, for example, the district court approved consolidation even though the plaintiffs alleged different start dates for the class period.  See Kaplan, 240 F.R.D. at 91-92 ("[T]o the extent that the class periods overlap, the factual allegations overlap."); see also In re Olsten Corp Sec. Litig., 3 F. Supp. 2d 286, 293 (E.D.N.Y. 1998) (granting consolidation even though plaintiffs alleged class periods with different start and

---

[4]  As discussed below, six other parties moved for consolidation, for appointment as lead plaintiff, and for selection of lead counsel, but those parties subsequently filed notices of non-opposition.

end dates, because plaintiffs "rel[ied] upon the same series of allegedly false and misleading public statements and omissions").

Here, all three complaints rely on essentially the same facts. They all cite a November 11, 2021 press release announcing Vroom's third quarter 2020 financial results, in which Defendants allegedly failed to disclose that Vroom was understaffed, could not keep up with consumer demand, had to discount or could not sell a significant portion of its inventory, and was suffering increased losses. (Zawatsky Cmplt. (Case No. 21 Civ. 2477, Dkt. No. 1) ¶ 20; Holbrook Cmplt. (Case No. 21 Civ. 2551, Dkt. No. 1) ¶¶ 44-46; Hudda Cmplt. (Case No. 21 Civ. 3296, Dkt. No. 1) ¶¶ 7, 56, 58) These complaints also cite a November 11, 2021 earnings call with Defendant Hennessey during which the third quarter 2020 financial results were discussed, as well as Vroom's Form 10-Q filed with the SEC reporting Vroom's third quarter results for 2020. (Zawatsky Cmplt. (Case No. 21 Civ. 2477, Dkt. No. 1) ¶¶ 21, 23; Holbrook Cmplt. (Case No. 21 Civ. 2551, Dkt. No. 1) ¶¶ 47-52; Hudda Cmplt. (Case No. 21 Civ. 3296, Dkt. No. 1) ¶¶ 7, 56, 59-64) Moreover, all three complaints cite the March 3, 2021 press release announcing Vroom's fourth quarter and full year 2020 financial results, as well as a March 3, 2021 earnings call with Defendant Hennessey about those results. (Zawatsky Cmplt. (Case No. 21 Civ. 2477, Dkt. No. 1) ¶¶ 3-4, 25-29; Holbrook Cmplt. (Case No. 21 Civ. 2551, Dkt. No. 1) ¶¶ 55-56; Hudda Cmplt. (Case No. 21 Civ. 3296, Dkt. No. 1) ¶ 67-71) Finally, the parties assert similar claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and the complaints name the same three defendants.[5] (Zawatksy Cmplt. (Case No. 21 Civ. 2477, Dkt.

---

[5] The Complaints name as defendants Vroom, Inc.; Paul J. Hennessy, Vroom's CEO and Board member; and David K. Jones, Vroom's CFO. (Zawatksy Cmplt. (Case No. 21 Civ. 2477, Dkt. No. 1) ¶¶ 12-14; Holbrook Cmplt. (Case No. 21 Civ. 2551, Dkt. No. 1) ¶¶ 7-9; Hudda Cmplt. (Case No. 21 Civ. 3296, Dkt. No. 1) ¶¶ 18-20)

No. 1) ¶¶ 48-62; Holbrook Cmplt. (Case No. 21 Civ. 2551, Dkt. No. 1) ¶¶ 81-87; Hudda Cmplt. (Case No. 21 Civ. 3296 Dkt. No. 1) ¶¶ 93-99)

"[M]inor differences in facts and legal issues" do not preclude consolidation. In re Fuwei Films Sec. Litig., 247 F.R.D. 432, 435 (S.D.N.Y. 2008) (consolidation appropriate even though one complaint asserted claims against additional defendants and contained "slightly different facts and legal claims").  Courts have approved consolidation where the "matters share a common legal question:  whether defendants' misrepresentations violated federal securities laws." Kaplan, 240 F.R.D. at 92.  Here, the three complaints present numerous common questions of law and fact, including whether Defendants' public statements contained material misrepresentations or omissions and whether Plaintiffs suffered damages as a result of Defendants' actions.  (Zawatksy Cmplt. (Case No. 21 Civ. 2477, Dkt. No. 1) ¶¶ 48-62; Holbrook Cmplt. (Case No. 21 Civ. 2551, Dkt. No. 1) ¶¶ 81-87; Hudda Cmplt. (Case No. 21 Civ. 3296, Dkt. No. 1) ¶¶ 93-99).  Accordingly, pursuant to Fed. R. Civ. P. 42(a), these three actions will be consolidated.

The actions shall be referred to collectively as In re: Vroom, Inc. Securities Litigation, No. 21 Civ. 2477 (PGG) (the "Consolidated Vroom, Inc. Class Action").  The Clerk of Court shall file a copy of this Order in the separate file for each of the above-captioned Vroom class action cases.  Unless otherwise ordered by this Court, future filings in any Vroom class action case herein consolidated shall be filed and docketed only under docket number 21 Civ. 2477 (PGG).  All counsel who have entered appearances in the above-captioned class action cases shall be deemed to have entered an appearance in the Consolidated Vroom, Inc. Class Action under the docket number 21 Civ. 2477 (PGG).  All motions for admission pro hac vice

and all orders granting such motions in the above-captioned actions shall also be deemed filed in the Consolidated Vroom, Inc. Class Action under the docket number 21 Civ. 2477 (PGG).

Counsel is directed to alert the Clerk of Court to the filing or transfer of any case that might properly be consolidated as part of this litigation. Any class action involving substantially related questions of law and fact hereafter filed in or transferred to this Court shall be consolidated under the master file number assigned to this case.

Every pleading filed in the Consolidated Vroom, Inc. Class Action under the docket number 21 Civ. 2477 (PGG) shall bear the following caption:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| IN RE: VROOM, INC. SECURITIES LITIGATION | 21 Civ. 2477 (PGG) |
|---|---|

The Court's consolidation order does not make any person, firm, or corporation a party to any action in which the person or entity has not been named, served, or added as such in accordance with the Federal Rules of Civil Procedure.

## II.    APPOINTMENT OF LEAD PLAINTIFF

On May 21, 2021, the following parties moved for consolidation, for appointment as lead plaintiff, and for selection of lead counsel: (1) Nat Ganesh (Dkt. No. 15); (2) One68 Master Global Fund, LP ("One68") (Dkt. No. 19); (3) Dung Huynh (Dkt. No. 23); (4) Rhondda (Dkt. No. 26); (5) Christine Y. Castillo (Dkt. No. 30); (6) Local 353, I.B.E.W. Pension Fund ("Local 353") (Dkt. No. 33); and (7) Michael Beckerman (Dkt. No. 37).

On June 1, 2021, Christine Castillo filed a notice of non-opposition to the competing lead plaintiff motions in which she states that she "does not appear to have the largest financial interest in this litigation. . . ." (Dkt. No. 41 at 2) On June 3, 2021, Local 353 filed a

response to the competing lead plaintiff motions acknowledging that it does not have the largest financial interest in the relief sought by the class within the meaning of the Private Securities Litigation Reform Act (the "PLSRA").  (See Dkt. No. 42 at 3)  On June 4, 2021, Michael Beckerman, One68, Nat Ganesh, and Dung Huynh filed notices of non-opposition to the competing lead plaintiff motions, each acknowledging that they do not have the largest financial interest within the meaning of the PLSRA.  (See Dkt. Nos. 43, 44, 45, 47)

In a June 4, 2021 submission, Rhondda asserts that – based on the losses claimed in the competing lead plaintiff motions – "there can be no dispute that Rhondda has by far the largest financial interest in the relief sought in this litigation and that, accordingly, its motion should be granted."  (Dkt. No. 46 at 2)

### A. Presumptive Lead Plaintiff:  Largest Financial Interest

#### 1. Legal Standard

The PSLRA directs the Court to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. § 78u-4(a)(3)(B)(i).  The PSLRA creates a "[r]ebuttable presumption" that "the most adequate plaintiff . . . is the person or group of persons" that "has the largest financial interest in the relief sought by the class," provided that such person or group "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Id. § 78u-4(a)(3)(B)(iii)(I)((aa)-(cc)).  This presumption may be rebutted upon a showing that the presumptive lead plaintiff "will not fairly and adequately protect the interests of the class," or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  Id. § 78u-4(a)(3)(B)(iii)(II)((aa)-(bb)).

"The PSLRA does not specify a method for calculating which plaintiff has the 'largest financial interest'. . . ." Fuwei Films, 247 F.R.D. at 436 (quoting Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co., Inc., 229 F.R.D. 395, 404 n.15 (S.D.N.Y. 2004)). Many courts in this District, however, have determined a prospective lead plaintiff's financial interest by looking to "(1) the number of shares purchased; (2) the number of net shares purchased; (3) total net funds expended by the plaintiff[] during the class period; and (4) the approximate losses suffered by the plaintiff[]." In re CMED Sec. Litig., No. 11 Civ. 9297 (KBF), 2012 WL 1118302, at *3 (S.D.N.Y. Apr. 2, 2012) (citing Lax v. First Merchs. Acceptance Corp., No. 97 C 2715 et al., 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997); see also Richman v. Goldman Sachs Grp., Inc., 274 F.R.D. 473, 475 (S.D.N.Y. 2011) (citing same); Fuwei Films, 247 F.R.D. at 437 (same). "Most courts agree that the largest loss is the critical ingredient in determining the largest financial interest and outweighs net shares purchased and net expenditures."[6] Richman, 274 F.R.D. at 479; see also Bo Young Cha v. Kinross Gold Corp., No. 12 Civ. 1203 (PAE), 2012 WL 2025850, at *2 (S.D.N.Y. May 31, 2012) (collecting cases).

2. **Analysis**

In its submissions, Rhondda represents that it (1) purchased 125,027 shares during the Class Period; (2) had net purchases of 114,098 shares; (3) for a net investment of $4,955,827; (4) sustaining a loss of $414,235. (Rhondda Br. (Dkt. No. 27) at 13; Toomey Decl., Ex. 1 (Dkt. No. 28-1)). As discussed above, Rhondda's motion is now unopposed.[7] (See Dkt. Nos. 41-45,

---

[6] The PSLRA includes a statutory cap on damages, which is calculated based on the "difference between the purchase or sale price paid . . . by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." 15 U.S.C. § 78u-4(e)(1).

[7] While Local 353 filed a "response" rather than a "non-opposition" to the competing lead plaintiff motions, Local 353's response acknowledges that "district courts are to adopt a

47).  Moreover, the other movants for lead plaintiff status have smaller financial interests than Rhondda.[8]  Accordingly, Rhondda is the presumptive lead plaintiff.

Given that there is no opposition to Rhondda's motion, that presumption is unrebutted.  Accordingly, Rhondda is the appropriate lead plaintiff, provided that it satisfies the requirements of Fed. R. Civ. P. Rule 23.

### B. Rule 23 Requirements

Fed. R. Civ. P. 23 states that a party may serve as a class representative only if "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a).  For the rebuttable presumption to apply, courts have required only a prima facie showing that the requirements of Rule 23 are met.  See In re KIT Digital, Inc. Sec. Litig., 293 F.R.D. 441, 445 (S.D.N.Y. 2013).

---

presumption that the applicant with the largest financial interest in the relief sought . . . is 'the most adequate plaintiff[,]'" and that Local 353's "loss is not the largest financial interest in the relief sought by the class among the movants that timely filed lead plaintiff motions."  (See Dkt. No. 42 at 3 (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)))

[8] The approximate losses suffered by the other movants for lead plaintiff status are as follows:

| Movant | Loss Amount |
|---|---|
| One68 | $245,714 |
| Local 353 | $194,961 |
| Nat Ganesh | $79,051 |
| Christine Castillo | $37,404 |
| Dung Huynh | $10,905 |
| Michael Beckerman | $2,754 |

(See Ganesh Br. (Dkt. No. 16) at 10; Hopkins Decl., Ex. B (Loss Chart) (Dkt. No. 17-2); One68 Br. (Dkt. No. 20) at 12; McConville Decl., Ex. B (Loss Analysis) (Dkt. No. 21-2); Linkh Decl., Ex. 3 (Loss Chart) (Dkt. No. 25-3); Castillo Br. (Dkt. No. 32) at 8; Castillo Br., Ex. 3 (Loss Chart) (Dkt. No. 32-3); Local 353 Br. (Dkt. No. 34) at 8; Rosenfield Decl., Ex. C (Estimate of Losses) (Dkt. No. 35-3); Beckerman Br. (Dkt. No. 39) at 11; Lieberman Decl., Ex. A (Loss Chart) (Dkt. No. 40-1))

Furthermore, "[t]ypicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." In re Oxford Health Plans, Inc. Sec. Litig., 182 F.R.D. 42, 49 (S.D.N.Y. 1998); see also Simmons v. Spencer, Nos. 13 Civ. 8216 (RWS), et al., 2014 WL 1678987, at *4 (S.D.N.Y. April 25, 2014); KIT Digital, 293 F.R.D. at 445; Varghese v. China Shenghuo Pharms. Holdings, Inc., 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008); Kaplan, 240 F.R.D. at 94 ("Further, at this stage of litigation, only a preliminary showing of typicality and adequacy is required.").

"Typicality is established where each class member's claim 'arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" Freudenberg v. E*Trade Fin. Corp., Nos. 07 Civ. 8538, et al., 2008 WL 2876373, at *5 (S.D.N.Y. July 16, 2008) (quoting In re Drexel Burnham Lambert Grp., Inc., 960 F.2d 285, 291 (2d Cir. 1992)). However, "[t]he lead plaintiff's claims 'need not be identical to the claims of the class to satisfy the [preliminary showing of] typicality.'" Fuwei Films, 247 F.R.D. at 436 (quoting Pirelli, 229 F.R.D. at 412).

Here, Rhondda alleges claims typical of other class members:  it "(1) purchased or otherwise acquired Vroom securities during the applicable period; (2) at prices allegedly artificially inflated by defendants' materially false and misleading statements and/or omissions; and (3) suffered damages thereby." (Rhondda Br. (Dkt. No. 27) at 15)  These allegations are sufficient to make a prima facie showing that Rhondda's claims are typical of the class.

With respect to adequacy of representation, this requirement is satisfied where "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous

advocacy." Kaplan, 240 F.R.D. at 94. Rhondda's counsel – Barrack, Rodos & Bacine ("Barrack, Rodos") – has been appointed lead counsel or co-lead counsel in dozens of securities class actions. (See Toomey Decl., Ex. 3 (Dkt. No. 28-3)) Rhondda has also pleaded a loss amount suggesting that it will have a strong interest in advocating on behalf of class members. Moreover, no movant has suggested that Rhondda's claims are subject to unique defenses or otherwise rebutted its presumptive status as lead plaintiff. Accordingly, the adequacy of representation requirement is satisfied.

### III.   APPOINTMENT OF LEAD COUNSEL

#### A.   Legal Standard

Under the PSLRA, "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u–4(a)(3)(B)(v). There is a "'strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection.'" See In re Adelphia Commc'ns Corp. Sec. & Derivative Litig., No. 03 MDL 1529 (LMM), 2008 WL 4128702, at *2 (S.D.N.Y. Sept. 3, 2008) (quoting In re Cendant Corp. Litig., 264 F.3d 201, 276 (3d Cir. 2001)).

#### B.   Analysis

Here, Rhondda has selected Barrack, Rodos as class counsel. (Rhondda Br. (Dkt. No. 27) at 17) In support of Rhondda's request, Michael A. Toomey, a partner at the firm, has submitted a declaration and firm biography. (Toomey Decl., Ex. 3 (Dkt. No. 28-3)) The firm biography provides a detailed description of the educational backgrounds and legal experience of the attorneys at the firm, as well as a list of securities cases in which the firm has served or is now serving as lead or co-lead counsel. (Id.) In 2004, a judge in this District described the quality of Barrack, Rodos' representation as "unsurpassed" and "superb" in a securities class

13

action.  See In re WorldCom, Inc. Sec. Litig., No. 02 Civ. 3288(DLC), 2004 WL 2591402, at

*18, 20 (S.D.N.Y. Nov. 12, 2004) ("The quality of the representation given by Lead Counsel is

unsurpassed in this Court's experience with plaintiffs' counsel in securities litigation. . . .  In

sum, the quality of representation that Lead Counsel has provided to the class has been superb.")

The Court concludes that Barrack, Rodos is qualified to serve as lead counsel.  Accordingly,

Rhondda's selection of Barrack, Rodos as lead counsel is approved.

## CONCLUSION

For the reasons stated above, the above-captioned cases are consolidated under

the caption In re: Vroom, Inc. Securities Litigation, and the files of these actions shall be

maintained in one file under Master File No. 21 Civ. 2477 (PGG).  The consolidation is for all

purposes, including discovery, pretrial proceedings, and trial.

Rhondda's motion to consolidate, for appointment as lead plaintiff, and for

selection of Barrack, Rodos as lead counsel is granted.  (See Dkt. No. 26)  All other motions are

denied.  The Clerk of the Court is directed to terminate the motions.  (Dkt. Nos. 15, 19, 23, 30,

33, 37).

A consolidated class action complaint is to be filed by September 3, 2021.  The

Court will hold an initial pre-trial conference in this matter on **October 14, 2021 at 10:30 a.m.**[9]

---

[9] The conference will take place by telephone.  The parties are directed to dial 888-363-4749 to participate, and to enter the access code 6212642.  The press and public may obtain access to the telephone conference by dialing the same number and using the same access code.  The Court is holding multiple telephone conferences on this date.  The parties should call in at the scheduled time and wait on the line for their case to be called.  At that time, the Court will un-mute the parties' lines.  Seven days before the conference, the parties must email Michael_Ruocco@nysd.uscourts.gov and GardepheNYSDChambers@nysd.uscourts.gov with the phone numbers that the parties will be using to dial into the conference so that the Court

Counsel for Lead Plaintiff and the Defendants are directed to submit a joint letter and proposed Case Management Plan by **October 7, 2021**, in accordance with this Court's Individual Rules of Practice in Civil Cases.

Dated: New York, New York
       August 5, 2021

SO ORDERED.

_____
Paul G. Gardephe
United States District Court

---

knows which numbers to un-mute.  The email should include the case name and case number in the subject line.